IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GERALD PATTERSON                                                                PLAINTIFF

v.                                      Civil No. 2:19-CV-02032

ATTORNEY SAM EASTMAN and                                                    DEFENDANTS
DR. JOHN ED STAFFORD

**OPINION AND ORDER**

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on February 25, 2019. (ECF No. 1). Plaintiff was directed to file a completed IFP application and did so on March 4, 2019. (ECF No. 5). Plaintiff alleges he has been incarcerated since September 1, 2017 and has "yet to see a judge."[1] (ECF No. 1 at 3). He describes his Complaint as a "malpractice disagreement with defendants." (*Id*. at 2). As his first claim, Plaintiff alleges both Defendants committed malpractice from September 1, 2017 through the filing of his Complaint. (*Id*. at 4). He states Defendant Eastman repeatedly ignored his requests for a trial date, articles of discovery, and depositions of witnesses. He states Defendant Eastman "represents three counties and is in pursuit of pleas only and will not offer the slightest

---

[1] A review of Plaintiff's Johnson County record indicates he appeared in court to enter a negotiated plea of guilty to a felony theft charge on August 31, 2017, in case number 36CR-17-85. On September 1, 2017, a new charge of felony theft was entered against him in case number 36CR-17-263. This case remains open. He was appointed a public defender in both cases. He was found unfit to stand trial in the second case on February 21, 2018 and committed to the custody of the Department of Health and Human Services. The Order finding him fit was filed on December 3, 2018. Record available in Arkansas Court Connect, last accessed March 30, 2019.

1

defense." (*Id*.). He does not identify what actions or inactions of Defendant Stafford constituted malpractice. (*Id*.). As his second claim, Plaintiff alleges Defendant Stafford committed "collusion for the purpose of incarceration" on January 19 and June 1 of 2018. Specifically, he states "Dr. Stafford is engaged in collusion for the purpose of defrauding taxpayers. His inaction has cost me over a year of incarceration. He and Sam Eastman are an arms length apart. This is criminal activity." (*Id*.).

Plaintiff proceeds against both Defendant in their personal capacity. (*Id*. at 4. 5). He seeks compensatory damages and asks for co-counsel "not from the Public Defenders Office as they are an agent of the Prosecution." (*Id*. at 7).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

A review of Plaintiff's state court file in Johnson County indicates Defendant Eastman was appointed as his Public Defender in both of his Johnson County criminal cases. To the extent Plaintiff's allegations can be interpreted as a claim of ineffective assistance of counsel against Defendant Eastman, his appointed public defender, it is subject to dismissal. To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. Thus, when the claim is merely that the public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983. *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976) (conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

Defendant Stafford is the psychiatrist who determined Plaintiff was not fit to stand trial in Arkansas case number 36CR-17-263. To the extent Plaintiff's allegations against him can be interpreted as a claim of medical malpractice, he fails to state a plausible claim against Defendant Stafford. Mere negligence or medical malpractice are insufficient to rise to a constitutional violation. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citation omitted). Further, "a prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Taylor v. Bowers*, 966 F.2d 417, 421 (8th Cir. 1992).

Finally, to the extent his claims could be interpreted as one for false imprisonment, Plaintiff fails to state a claim upon which relief can be granted under § 1983. False imprisonment is a tort under Arkansas state law. *Guidry v. Harp's Food Stores, Inc.*, 66 Ark. App. 93 (1999). Because

Plaintiff's false imprisonment claim for monetary relief does not arise under the United States Constitution or a federal statute, § 1983 provides no remedy. *See Smith v. Garrett*, No. 5:06-cv-9281-JLH, 2006 WL 3791951, at *2 (E.D. Ark. Dec. 21, 2006).

## IV.  CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). The Clerk is directed to place a § 1915(g) strike flag on the case.

IT IS SO ORDERED this 3rd day of May 2019.

Judgment will be entered accordingly.

*/s/ P. K. Holmes, III*
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE